# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SOVEREIGN PEAK VENTURES, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC.,<br><br>*Defendants.* | Civil Action No. 2:20-CV-00107-JRG<br><br>▬▬▬▬▬▬▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬▬▬▬▬▬▬<br><br>▬▬▬▬▬▬▬▬ |

## DEFENDANTS LG ELECTRONICS INC.'S AND LG ELECTRONICS U.S.A., INC.'S MOTION TO TRANSFER FOR IMPROPER VENUE PURSUANT TO 28 U.S.C. § 1406(a)

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................ 1

II.   FACTUAL AND PROCEDURAL BACKGROUND........................................................ 2

      A.    Sovereign's Conclusory Venue Allegations as to LGEUS ..................................... 2

      B.    The LG Defendants ................................................................................................ 3

      C.    The Eagle Parkway Facility ................................................................................... 4

      D.    The Beach Street Facility ....................................................................................... 5

      E.    The Eastern District of Texas Has Expended Very Few Judicial Resources on this Case ........................................................................................................... 6

III.  APPLICABLE LAW .......................................................................................................... 7

IV.  VENUE IS IMPROPER IN THE EASTERN DISTRICT OF TEXAS
AS TO LGEUS ................................................................................................................... 7

      A.    LGEUS Does Not "Reside" in the Eastern District of Texas ................................ 7

      B.    The Second *Cray* Factor Is Not Met .................................................................... 8

      C.    The Third *Cray* Factor Is Not Met ..................................................................... 10

           1.    The Eagle Parkway Facility Is Not a "Place of" LGEUS ........................ 10

           2.    The Beach Street Facility Is Not a "Place of" LGEUS ............................ 11

      D.    This Case Should be Transferred to the District of New Jersey Pursuant to 28 U.S.C. § 1406(a) ............................................................................................ 13

V.   THE CASE AGAINST LGEKR SHOULD ALSO BE TRANSFERRED TO
THE DISTRICT OF NEW JERSEY ................................................................................ 14

VI.  CONCLUSION ................................................................................................................. 14

i

# TABLE OF AUTHORITIES

**Cases**                                                       **Page(s)**

*Agis Software Dev., LLC v. ZTE Corp.*,
  2018 U.S. Dist. LEXIS 235914 (E.D. Tex. Sept. 28, 2018) ................................1, 12, 13, 14

*B/E Aero., Inc. v. Zodiac Aero.*,
  2018 U.S. Dist. LEXIS 220294 (E.D. Tex. Nov. 29, 2018) ....................................................14

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017)...................................................................................... *passim*

*Emed Techs. Corp. v. ReproMed Sys.*,
  2018 U.S. Dist. LEXIS 93658 (E.D. Tex. Jun. 4, 2018)...........................................................12

*In re Google LLC*,
  949 F.3d 1338 (Fed. Cir. 2020)................................................................................................8, 9

*Moran v. Smith*,
  2016 U.S. Dist. LEXIS 97869 (W.D. Tex. July 27, 2016) .......................................................13

*National Steel Car Ltd. v. The Greenbrier Companies, Inc.*,
  No. 6:19-cv-00721-ADA (W.D. Tex. July 27, 2020) ................................................................8

*Personal Audio, LLC v. Google, Inc.*,
  280 F. Supp. 3d 922 (E.D. Tex. 2017)................................................................................7, 11

*Personalized Media Communications, LLC v. Google LLC*,
  No. 2:19-cv-00090-JRG, Dkt. 257 (E.D. Tex. July 16, 2020)............................................9, 10

*Soverain IP LLC v. AT&T Servs.*,
  2017 U.S. Dist. LEXIS 207551 (E.D. Tex. Dec. 18, 2017).........................................10, 11, 13

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017)...........................................................................................................1, 7

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018)..................................................................................................7

I.    INTRODUCTION

Defendants LG Electronics U.S.A., Inc. ("LGEUS") and LG Electronics Inc. ("LGEKR") (collectively, "Defendants") respectfully file this Motion to Transfer for Improper Venue Pursuant to 28 U.S.C. § 1406(a). Under the patent venue statute, 28 U.S.C. § 1400(b), Plaintiff Sovereign Peak Ventures, LLC ("Sovereign") must show that LGEUS either (1) resides – *i.e.*, is incorporated – in this District, or (2) that it has (a) a regular and established place of business and (b) committed acts of infringement in this District. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1520-21 (2017). Sovereign's Amended Complaint for Patent Infringement (the "Amended Complaint") does neither.

As Sovereign acknowledges, LGEUS is incorporated in Delaware and, thus, does not "reside" in this District. (Dkt. 10 at ¶ 3). The first prong of § 1400(b), therefore, is inapplicable. As for § 1400(b)'s second, two-part prong, Sovereign has asserted that LGEUS has "a regular and established place of business" in the Eastern District of Texas in light of two facilities, one located at 2151-2155 Eagle Parkway, Fort Worth, Texas 76177 (the "Eagle Parkway facility") and one at 14901 Beach Street, Fort Worth, Texas 76177 (the "Beach Street facility"). (Dkt. 10 at ¶ 20). However, as discussed below, LGEUS does not own, operate, manage, or control either of these facilities and no LGEUS employees work at either facility conducting the business of LGEUS. Accordingly, neither of these facilities constitutes "a regular and established place of business" of LGEUS and, thus, neither facility can support venue as to LGEUS in the Eastern District of Texas.

Where venue is improper, 28 U.S.C. § 1406(a) provides that the Court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." Because this case must be transferred with respect to LGEUS due to improper venue, the case against LGEKR should also be transferred as failing to do so "would require the same case to be litigated twice in two different forums." *Agis Software Dev., LLC v. ZTE Corp.*,

1

2018 U.S. Dist. LEXIS 235914, at *8 n.6 (E.D. Tex. Sept. 28, 2018). It cannot be disputed that this case could have been brought against the Defendants in the District of New Jersey. As set forth further below, (1) LGEUS is headquartered in New Jersey and, thus, has a "regular and established place of business" in that jurisdiction; (2) venue is proper in the District of New Jersey as to LGEKR; and (3) LGEKR's subsidiary (LGEUS) is headquartered in New Jersey and LGEKR personnel routinely travel to New Jersey for meetings, thus subjecting LGEKR to personal jurisdiction in that judicial district. Accordingly, Defendants respectfully request that the Court grant this motion and transfer this case to the District of New Jersey.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Sovereign's Conclusory Venue Allegations as to LGEUS

Sovereign filed its Complaint for Patent Infringement against Defendants on April 14, 2020 (Dkt. 1) and its Amended Complaint on May 7, 2020 (Dkt. 10), both of which contain identical venue allegations. With respect to LGEKR, Sovereign alleges that venue is proper in this District as it "is not a resident in the United States, and thus may be sued in any judicial district . . . pursuant to 28 U.S.C. § 1391(c)(3)." (Dkt. 10 at ¶ 18). With respect to LGEUS, Sovereign alleges that "[v]enue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, among other things, [LGEUS] has regular and established places of business in this District, including at least 21251 [sic]-2155 Eagle Parkway, Fort Worth, Texas 76177 and 14901 Beach St, Fort Worth, TX 76177." (*Id.* at ¶ 20).[1] Sovereign, however, fails to provide any details about the Eagle Parkway

---

[1] The Amended Complaint also refers to a facility located at 9420 Research Blvd, Austin, Texas 78759 (the "Research Blvd. facility") in a paragraph not directed to venue. (Dkt. 10 at ¶ 3). The Research Blvd. facility, however, is not located in this District and, thus, irrelevant to the venue analysis. Furthermore, the Research Blvd. facility is not even an LGEUS facility. (Ex. 1, Declaration of Hongsun Yoon in Support of Defendants LG Electronics, Inc.'s and LG Electronics U.S.A., Inc.'s Motion to Transfer for Improper Venue Pursuant to 28 U.S.C. § 1406(a) ("Yoon Decl.") at ¶ 12).

2

and Beach Street facilities or their alleged connections to LGEUS.

### B.     The LG Defendants

LGEKR is a Korean corporation with its principal place of business in Seoul, South Korea. (Yoon Decl. at ¶ 7).[2] LGEKR and its employees in Korea are primarily responsible for the design, research and development, engineering, sourcing of components, and manufacture and assembly of LG-branded devices, including those products accused of infringement in this case. (*Id*.) LGEKR has no regular and established place of business in this District, or anywhere else in the United States for that matter. (*Id*. at ¶ 9).

LGEUS is a wholly-owned subsidiary of LGEKR. (*Id.* at ¶ 10). LGEUS is a legally and factually separate corporate entity, distinct from LGEKR, and each entity maintains all of its respective corporate formalities. (*Id.* at ¶ 8). LGEUS is incorporated in Delaware and has its corporate headquarters at 111 Sylvan Avenue, North Building, Englewood Cliffs, NJ 07632. (*Id.* at ¶ 10). This headquarters is a new $300 million and 350,000 square foot facility that opened in 2020. (*Id*.) Prior to opening this facility, LGEUS had its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632, and had additional offices at 910, 920 and 930 Sylvan Avenue. (*Id*.) LGEUS's new headquarters house approximately 500 LGEUS employees. (*Id*.) LGEUS's executive leadership, accounting teams, sales teams, marketing teams, and legal teams are located in Englewood Cliffs. (*Id*.) Similarly, LGEUS's corporate records, including sales and marketing materials, are located in these New Jersey offices. (*Id*.) LGEUS does not manufacture any products. (*Id*.) Rather, LGEUS is a sales and marketing company. (*Id.* at ¶ 10). Unlike the Englewood Cliffs headquarters, LGEUS has no physical place of business in this District. (*Id*. at

---

[2] Unless otherwise indicated, all Exhibits are attached to the Declaration of Allan A. Kassenoff in Support of Defendants LG Electronics Inc.'s and LG Electronics U.S.A., Inc.'s Motion to Transfer for Improper Venue Pursuant to 28 U.S.C. § 1406(a).

3

¶ 11).

### C. The Eagle Parkway Facility

The Eagle Parkway facility, located in Fort Worth, Texas, ███████████████

███████████████████████████████████████. (Yoon Decl. at ¶ 13). ███████████

███████████████████████████████████████████████████████████████████████

███████████████ (*Id.* at ¶ 14). ███████████████████████████████████. (*Id.* at ¶

13). However, ███████████████████████████████████████████████████████████

███████████████████████████████████████████. (*Id.* at ¶¶ 13-14).

While LGEUS is a sales and marketing company, ███████████████████████████

███████████ (*Id.* at ¶¶ 10, 15, 16). Specifically, ███████████████████████████

███████████████████████████████. (*Id.* at ¶ 15). ███████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████[3] (*Id.* at ¶¶ 16-17).

Accordingly, the Eagle Parkway facility ███████████████████████████████████

███████████████████████████ (*Id.* at ¶ 18). Naturally, ███████ identifies the Eagle

Parkway facility as its own place of business. (*Id.*)

Given that it is an ███████ facility, it is not surprising that LGEUS does not manage, control,

or run the operations at the Eagle Parkway facility. (Yoon Decl. at ¶ 19). ███████ employees work

at the Eagle Parkway facility, and LGEUS has no control over the Eagle Parkway facility or the

███████ employees who work there. (*Id.*) LGEUS does not and has no right to provide instructions

(interim or otherwise) to ███████████████████████████. (*Id.* at ¶ 20.) To the contrary, ███████

---

[3] ███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████ (Yoon Decl. at ¶ 16).

ACTIVE 51829545v5

███ (*Id.*) ███

███. (*Id.*) ███. (*Id.* at ¶ 13). ███

███

(*Id.* at ¶ 22). ███

███

███ and LGEUS does not provide specifications for the Eagle Parkway facility. (*Id.* at ¶ 21).

### D. The Beach Street Facility

The Beach Street facility, also located in Fort Worth, Texas, ███ ███ (Yoon Decl. at ¶ 23). However, LGEUS does not manage or run the operations in the Beach Street facility. (*Id.*) ███

███

███ (*Id.* at ¶¶ 23-24). ███

███. (*Id.* at ¶ 25). ███

███

███

███ (*Id.*) ███

███ (*Id.* at ¶ 26). ███

███. (*Id.*)

███ (e.g., ███



███), ███████████████████████████████████████████████████ ███████████████████████████████████████████████████████ for LGEUS. (*Id.* at ¶ 27). LGEUS ████████████████████████████ ███████████ (*Id.* at ¶ 28; ██████████████). █████ ████████████████████████████████████ (Yoon Decl. at ¶ 28; ████████████████). ████████████████████████████████████████████ (Yoon Decl. at ¶ 28; █████ ███████). ██████████████████████████████████████████████████. (Yoon Decl. at ¶ 29; ████████████████████ ██████). ████████████████████████████████████████. (Yoon Decl. at ¶ 29; ████████ █████████ ████████████████████████████████████████████████. (Yoon Decl. at ¶ 30). In fact, ████████████████████████████████ (*Id.*) LGEUS does not provide specifications for the Beach Street facility. (*Id.*)

### E. The Eastern District of Texas Has Expended Very Few Judicial Resources on this Case

This case is in its infancy. Defendants are answering the Amended Complaint contemporaneously with the filing of this motion; the parties have not yet conducted their Rule 26 conference; Sovereign has not served infringement contentions; Defendants have not served invalidity contentions; and this is the first substantive motion filed by either side. None of the asserted patents have been previously litigated in this District. Thus, the Court has invested little time in this action, the technology at issue, and the claims at issue.

**III.   APPLICABLE LAW**

In patent cases, venue is proper only "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  Under the first prong of § 1400(b), a domestic corporation "resides" only in its state of incorporation.  *See TC Heartland*, 137 S. Ct. at 1521.  Under the second prong of § 1400(b), a "regular and established place of business" has three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."  *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).  "If any statutory requirement is not satisfied, venue is improper under § 1400(b)."  *Id.*

"[T]he Plaintiff bears the burden of establishing proper venue."  *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).  In assessing venue under § 1400(b), the Court must look at the facts that existed at the time the suit was filed.  *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 931 (E.D. Tex. 2017).  Where venue is improper, 28 U.S.C. § 1406(a) provides that the Court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought."

**IV.   VENUE IS IMPROPER IN THE EASTERN DISTRICT OF TEXAS AS TO LGEUS**

   **A.   LGEUS Does Not "Reside" in the Eastern District of Texas**

As acknowledged by Sovereign, LGEUS is incorporated in Delaware (Dkt. 10 at ¶ 3; Yoon Decl. at ¶ 10).  Therefore, under *TC Heartland*, 137 S. Ct. at 1521, LGEUS does not "reside" in this District for the purposes of the patent venue statute.  Thus, venue cannot be established in this District under the first prong of § 1400(b).

7

### B. The Second *Cray* Factor Is Not Met

LGEUS similarly does not meet the second prong of § 1400(b) because it does not have *any* place of business in this District, let alone a "regular and established" one. As an initial matter, a "regular and established place of business *requires* the regular, physical presence *of an employee or other agent of the defendant conducting the defendant's business* at the alleged place of business." *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020) (internal quotation marks omitted and emphasis added). Applying *In re Google*, the Western District of Texas recently held that the second *Cray* factor was not met despite the presence of a facility within the jurisdiction (in San Antonio) because no employees of the defendant worked at the property conducting the defendant's business. *National Steel Car Ltd. v. The Greenbrier Companies, Inc.*, No. 6:19-cv-00721-ADA, Dkt. 54 at 10 (W.D. Tex. July 27, 2020) (Ex. 2). Specifically, in *National Steel Car*, Judge Albright granted the defendant's motion to transfer due to improper venue, finding that there was no evidence of any "employee or agent [of the defendant] at the San Antonio property conducting [the defendant's] business," notwithstanding the fact that the San Antonio property was leased by one subsidiary of the defendant and used by another subsidiary. *Id.* at 2, 10. In transferring the case to the District of Oregon, Judge Albright specifically rejected the argument that a subsidiary's employees could be imputed the defendant parent, explaining that "[w]here a parent and subsidiary observe corporate formalities, the plaintiff has a heavy burden to establish a degree of control sufficient to impute the subsidiary's jurisdictional contacts to the parent." *Id.* at 4 (quoting *Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*, 450 Fed. App'x 326, 331 (5th Cir. 2011)). Likewise, because (1) no LGEUS employees conduct LGEUS's business at the Eagle Parkway or Beach Street facilities, (2) LGEUS, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and (3) LGEUS does not control either ▬▬▬▬▬▬▬, the second *Cray* factor is not satisfied. *Cray*, 871 F.3d at 1360; Yoon Decl. at ¶¶ 13-31.

8

Further, the second *Cray* factor is also not satisfied by the Eagle Parkway facility because the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is not, and is only ancillary to, the business of LGEUS, which is the sales and marketing of LG products.  (Yoon Decl. at ¶¶ 10, 18).  As the Federal Circuit held in *In re Google LLC*, "[t]he venue status should be read to exclude agents' activities such as maintenance that are connected to, but do not themselves constitute, the defendant's conduct of business."  949 F.3d at 1347 (finding that server maintenance is "only ancillary" to the business of Google).

Based upon LGEUS' lack of control over ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ this case is readily distinguishable from this Court's recent decision in *Personalized Media Communications, LLC v. Google LLC*, No. 2:19-cv-00090-JRG, Dkt. 257 (E.D. Tex. July 16, 2020) (Ex. 3).  In *Personalized Media*, this Court held that Communications Test Design, Inc. ("CTDI") was the agent of Google LLC ("Google") because "Google has the right to, and does – in fact – *control* CTDI's actions within the Google Secured Area in Flower Mound."  *Id.* at 6-8 (emphasis added).  In reaching this conclusion, the Court relied upon an Inbound Services Agreement and a Statement of Work as demonstrating the total control that Google exhibits over CTDI: "*Google controls and oversees virtually every aspect of how CTDI performs its services*, including how it receives, diagnoses, repairs, warehouses, packages, and ships the Google devices."  *Id.* at 6 (emphasis added); *see also id.* at 6 ("Google prescribes how to perform each step of CTDI's services and retains control of the actions CTDI undertakes for Google."); *id.* at 8 ("Thus, Google has the right to, and does, direct and control the actions of CTDI.").

In the instant case,  (Yoon Decl. at ¶¶ 20, 26, 28).  For example, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

9

 (*See generally* LGEAI Agreement). Similarly, ▮▮▮ (*id.* at 5), ▮▮▮ (*id.* at §§ 4.3, 5.10, 25.6). ▮▮▮ (*Id.*) In short, unlike in *Personalized Media*, neither ▮▮▮ are "agents" of LGEUS conducting the business of LGEUS.

### C. The Third *Cray* Factor Is Not Met

The third *Cray* factor is that the regular and established place of business in the District "must be the place of the defendant." *Id.* Because LGEUS does not own, operate or control the Eagle Parkway and Beach Street facilities, neither one is a "place of" LGEUS. *Id.*

#### 1. The Eagle Parkway Facility Is Not a "Place of" LGEUS

Sovereign's Amended Complaint alleges, with no factual support or basis, that the Eagle Parkway facility is a "regular and established place of business" of LGEUS. (Dkt. 10 at ¶ 20). As discussed above, the Eagle Parkway facility ▮▮▮ – not LGEUS. (Yoon Decl. at ¶ 13). ▮▮▮. (*Id.* at ¶¶ 10, 18). Accordingly, the Eagle Parkway facility is not a "place of" LGEUS and, thus, cannot establish venue in this District over LGEUS. Moreover, it is well-settled that the presence of one corporation in a venue cannot support venue of a related – albeit different – corporation. In fact, this Court has held that even "a subsidiary's presence in a venue cannot be imputed to a parent unless the corporations disregard their separateness and act as a single enterprise." *Soverain IP LLC v. AT&T Servs.*, 2017 U.S. Dist. LEXIS 207551, at *2 (E.D. Tex. Dec. 18, 2017) (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 334-35

(1925)). In fact, the *Soverain* Court indicated that the plaintiff "does not point to any cases where courts have imputed the 'regular and established place of business' of a subsidiary to a corporate affiliate under an 'agency' theory," *id.* at *3, and LGEUS is likewise aware of no such case. Because there is no evidence that corporate formalities are not adhered to between LGEUS and ▮▮▮▮ (to the contrary, they are), ▮▮▮▮ presence in this District is irrelevant in determining whether the Eastern District of Texas is a proper venue with respect to LGEUS. *Id.* at *3-4.

### 2. The Beach Street Facility Is Not a "Place of" LGEUS

Sovereign's Amended Complaint similarly alleges, with no factual support or basis, that the Beach Street facility is a "regular and established place of business" of LGEUS. (Dkt. 10 at ¶ 20). As discussed above, the Beach Street facility is not owned, operated, controlled or managed by LGEUS. (Yoon Decl. at ¶¶ 23-31). While LGEUS ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ – well before the filing of the Complaint and Amended Complaint. (*Id*. at ¶¶ 23-24). And, it is well-settled that "venue under § 1400(b) should be analyzed based on the facts and circumstance that exist on the date suit is filed." *Pers. Audio*, 280 F. Supp. 3d at 930 (citing *Cray*, 871 F.3d at 1362). This Court has previously concluded that venue was improper over Google in the Eastern District of Texas despite the fact that Google had leased property in the District because it did not conduct any business from that property (and, in fact, had sublet the property prior to the filing of the complaint). *See id.* at 933. As explained by Judge Clark, "[t]here is evidence that Google *removed its own business from the property* and subleased the space between December 2013 and August 2015 to a company called Quest Resource Management. *This does not help establish that Google continued to have a 'regular and established place of business' at that location after December 2013.*" *Id.* (emphasis added). Accordingly, the fact that the Beach Street facility was managed,

operated and controlled by ▮ at the time the Complaint and Amended Complaint were filed demonstrates that this facility was not a "place of" business of LGEUS at that time. *Id.*

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is likewise insufficient to establish venue over LGEUS, as this Court has held that "a distributor's [e.g., ▮ place of business cannot establish venue for its supplier [e.g., LGEUS]." *Emed Techs. Corp. v. ReproMed Sys.*, 2018 U.S. Dist. LEXIS 93658, at *5-8 (E.D. Tex. Jun. 4, 2018). In *Emed*, the Court found that even though the defendant's distributor, RightWay, sold the defendant's products – including the allegedly infringing products – in this District, and even though the defendant's website directs potential customers in the District to RightWay, "[f]or purposes of venue, so long as a formal separation of closely related entities is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other." *Id.* at *4 (quotations and alterations omitted).

The instant facts are also analogous to the facts presented in *Agis Software Dev., LLC v. ZTE Corp.*, 2018 U.S. Dist. LEXIS 235914 (E.D. Tex. Sept. 28, 2018). In *Agis*, this Court found venue improper as to ZTA even though ZTA had established a call center in this District to handle consumer calls concerning ZTA's products; provided the call center with materials; advertised a customer support telephone number on its website that was routed to the call center; and had ZTA employees working on behalf of ZTA at the call center. *See id.* at *6-7. The *Agis* Court concluded that the above facts were insufficient to deem the call center a "regular and established place of business" of ZTA where the call center was run by a third party, iQor: "The record to which AGIS points does not show how ZTE [sic] controls the work conducted at the call center, does not show how ZTE [sic] controls the call center generally, does not show how ZTE [sic] ratifies the call center, and does not demonstrate how the relationship between ZTE [sic] and iQor is more intimate

12

and controlling than a traditional arms-length contractual relationship." *Id.* at *7-8. Similarly, in the instant case, there is no evidence that LGEUS controls (or ratifies) the Beach Street facility. To the contrary, ▮▮▮ identifies the Beach Street facility as its own place of business, and the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Yoon Decl. at ¶¶ 28-30). For all of these reasons, the Beach Street facility is a place of business of ▮▮▮ – not LGEUS – and cannot be imputed as a place of business of LGEUS. In short, because neither the second nor third *Cray* factors are present, no venue exists in this District as to LGEUS.

> D.  **This Case Should be Transferred to the District of New Jersey Pursuant to 28 U.S.C. § 1406(a)**

Where venue is improper, as it is here, 28 U.S.C. § 1406(a) provides that the Court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." It cannot be disputed that this case could have been brought in the District of New Jersey as (1) LGEUS has a "regular and established place of business" in New Jersey, where it is headquartered; (2) venue is proper in the District of New Jersey as to LGEKR under 28 U.S.C. § 1391(c)(3); and (3) LGEKR's subsidiary (LGEUS) is headquartered in New Jersey and LGEKR personnel routinely travel to New Jersey for meetings, thus subjecting LGEKR to personal jurisdiction in that judicial district. (Yoon Decl. at ¶ 9). Moreover, the District of New Jersey would be a much more appropriate jurisdiction for this action "because 'witnesses, evidence, the underlying events, and [one of the defendants] are based there.'" *Moran v. Smith*, 2016 U.S. Dist. LEXIS 97869, at *5 (W.D. Tex. July 27, 2016) (quoting *Herman v. Cataphora*,

---

4 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ "for a 'regular and established place of business' of a subsidiary to be imputed to a corporate relative, there must be a lack of formal corporate separateness." *Soverain IP*, 2017 U.S. Dist. LEXIS 207551, at *3. As discussed above (in Section IV.C.2), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, ▮▮▮ presence in the District is irrelevant to the question of whether venue is proper with respect to LGEUS.

13

*Inc.*, 730 F.3d 460, 466 (5th Cir. 2013)).

## V. THE CASE AGAINST LGEKR SHOULD ALSO BE TRANSFERRED TO THE DISTRICT OF NEW JERSEY

Because this case should be transferred to the District of New Jersey as to LGEUS, the case against LGEKR should be transferred as well. The only other option would be to sever the two parties, with one case proceeding in the District of New Jersey and one case in this Court. But, as the *Agis* Court previously held, "severance of [one defendant] is inappropriate, in this situation, as doing so would require the same case to be litigated twice in two different forums." *Agis Software Dev.*, 2018 U.S. Dist. LEXIS 235914, at *8 n.6 (citing *In re Rolls Royce Corp.*, 775 F.3d 671, 680 (5th Cir. 2014)); *see also B/E Aero., Inc. v. Zodiac Aero.*, 2018 U.S. Dist. LEXIS 220294, at *18 (E.D. Tex. Nov. 29, 2018) (Payne, Mag. J.) (recommending transfer of entire case when venue was found to be improper as to certain defendants because "there is no legitimate reason to retain the action against [a single defendant] in this district. Such an outcome would result in needless inefficiencies, particularly for a defendant that appears to have little direct involvement in the manufacture and sale of the accused [products].") (adopted by 2019 U.S. Dist. LEXIS 13495, at *3 (E.D. Tex. Jan. 28, 2019) (Gilstrap, J.)). Accordingly, regardless of whether or not venue would be proper as to LGEKR, because the case must be transferred with respect to LGEUS, it should also be transferred with respect to LGEKR.

## VI. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court transfer this case to the District of New Jersey.

14

Dated: August 5, 2020 By: */s/ Allan A. Kassenoff*
Richard A. Edlin
Allan A. Kassenoff
Vimal M. Kapadia
GREENBERG TRAURIG, LLP
MetLife Building, 200 Park Avenue
New York, NY 10002
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: edlinr@gtlaw.com
Email: kassenoffa@gtlaw.com
Email: kapadiav@gtlaw.com

Vivian S. Kuo
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC  20037
Telephone: 202.331.3100
Facsimile: 202.261.4747
Email:  kuov@gltaw.com

Andrew R. Sommer
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard
McLean, VA 22101
Telephone: 703.749.1370
Facsimile: 703.749.1301
Email: sommera@gtlaw.com

Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

***Attorneys for Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc.***

15

## CERTIFICATE OF CONFERENCE

On this 5th day of August, 2020, Allan Kassenoff, counsel for Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc., met and conferred with Bragalone Conroy, counsel for Plaintiff Sovereign Peak Ventures, LLC, as required by Local Rule 7(h).  Mr. Conroy confirmed that Plaintiff opposes this motion.  Discussions conclusively ended at an impasse, leaving an open issue for the Court to resolve.

*/s/ Allan A. Kassenoff*
Allan A. Kassenoff

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 5th day of August, 2020, all counsel of record are being served with a copy of this document via email.

*/s/ Allan A. Kassenoff*
Allan A. Kassenoff

*ACTIVE 51829545v5*

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

Pursuant to Local Rule 5(a)(7)(A), the undersigned hereby certifies that the corresponding documents were filed under seal pursuant to Patent Local Rule 2-2.

*/s/ Allan A. Kassenoff*
Allan A. Kassenoff

17

*ACTIVE 51829545v5*